IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:05-CV-00136-FL

| | | |
|---|---|---|
| WILSONIA GORHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on plaintiff's motion to remand (DE #17), filed January 18, 2008. Defendant filed response on February 25, 2008.[1] United States Magistrate Judge James E. Gates issued Memorandum and Recommendation ("M&R") wherein it was recommended that plaintiff's motion to remand be denied and the case stayed until the motion to remand was resolved. Accordingly, this court issued a stay on April 30, 2008. Plaintiff timely filed objections, and in this posture, the issues are ripe for ruling. For reasons that follow, plaintiff's motion to remand is denied and the stay lifted.

## BACKGROUND

Plaintiff filed applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") on February 25, 2003, alleging a disability onset date of August 21, 2000. The

---

[1] Plaintiff objects that defendant did not respond within the 20-day period provided for by Local Civil Rule 7.1(e)(1), EDNC. The court here reprimands defendant for this failure to comply with the well-established rules for conducting motion practice in this forum. However, in the interest of the efficient administration of justice, the court exercises its discretion to consider defendant's memorandum.

applications were denied initially and upon reconsideration, and request for hearing was timely filed. On April 13, 2005, hearing was held before Administrative Law Judge ("ALJ") Stephen A. Jones. The ALJ issued decision denying plaintiff benefits on June 22, 2005. Plaintiff requested review of the ALJ's decision by Appeals Council, who denied that request on September 16, 2005.[2] Plaintiff timely commenced this action for judicial review on October 18, 2005, pursuant to 42 U.S.C. § 405(g).

On November 17, 2005, the Commissioner of Social Security ("Commissioner") moved to remand the case upon learning the cassette tape of plaintiff's hearing before the ALJ was blank. This court remanded the case to Commissioner for a *de novo* hearing. Additional medical evidence was submitted, which was considered at hearing by ALJ Richard E. Perowski on May 4, 2006. The ALJ issued decision on December 21, 2006, denying the February 2003 applications and the July 2005 applications. Plaintiff did not present written exceptions to the Appeals Council within thirty (30) days of the ALJ's decision, and so that decision became final. The case returned to this court on January 14, 2008, when defendant filed answer to plaintiff's original complaint, as well as an updated transcript record. Plaintiff filed motion to remand on January 18, 2008, to which the court now turns its attention.

## DISCUSSION

### A. Standard of Review

The court may "designate a magistrate judge to conduct hearings . . . and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of a variety of

---

[2] During the course of these administrative proceedings, plaintiff filed additional DIB and SSI applications in July of 2005.

2

motions, including motions for judgment on the pleadings. 28 U.S.C. § 636(b)(1)(A)-(B). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court is obligated to make *de novo* determinations of those portions of the M&R to which objections have been filed. Id.; see also Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

This court is authorized to remand for the Commissioner to consider additional evidence "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g).[3] Evidence is considered new if it is "not duplicative or cumulative." Wilkins v. Sec'y of Health and Human Services, 953 F.2d 93, 96 (4th Cir. 1991). Evidence is material if "there is a reasonable possibility that [it] would have changed the outcome." Id.[4] When Congress added the element requiring a showing of good cause for failure to introduce the evidence earlier in the process, a floor manager of the bill explained it was to "speed up the judicial process so that these cases would not just go on and on and on." Melkonyan v. Sullivan, 501 U.S. 89, 101 (1991). The burden of showing the requirements of 405(g) have been met rests with the claimant. Fagg v. Chater, 106 F.3d 390 (Table), *2 (4th Cir. Feb. 3, 1997).

---

[3] As the M&R ably addressed, the Fourth Circuit in Wilkins v. Sec'y of Health & Human Serv., 925 F.2d 769, 774 (4th Cir. 1991), rev'd on other grounds, 953 F.2d 93 (en banc), stated that this standard supersedes the more stringent four-part test for remand for new evidence put forth in Borders v. Heckler, 777 F.2d 954 (4th Cir. 1985). Although some courts have stated the Borders test still applies, the M&R correctly concluded that this court need not resolve that issue here. As plaintiff does not meet the standard for remand under § 405(g), the court does not rule on whether the additional requirement under Borders that the plaintiff present "at least a general showing of the nature of the new evidence," also applies.

[4] In Wilkins, the proferred "new evidence" was first submitted to the Appeals Council, and so there was no requirement to show good cause for failing to introduce the evidence earlier, as there is under 405(g). However, in subsequent cases where the proferred new evidence was first submitted to the district court (as it was here), the courts have cited Wilkins in defining the "new" and "material" requirements of 405(g). See, e.g. Edwards v. Astrue, 2008 WL 474128, *8 (W.D.Va. Feb. 20, 2008).

3

## B. Plaintiff's M&R Objections

### 1. Evidence plaintiff seeks to introduce

Plaintiff seeks remand in order to introduce two documents produced by Angela B. Mebane, M.D., who began treating plaintiff in September 2001. One document is a letter written by Dr. Mebane on November 6, 2007, stating she did not believe plaintiff could "sustain gainful employment in any field based on our office visits over the years." (DE #18-3). The letter identifies plaintiff's musculoskeletal disorder and chronic urticaria as the basis for this opinion. In addition, the letter notes that plaintiff initially sought treatment for urticaria in 2000, and was diagnosed for diffuse connective tissue disorder in 2002.

The second document plaintiff seeks remand for the Commissioner to consider is a "Medical Source Statement of Ability to do Work-Related Activities (Physical)" ("MSS") completed by Dr. Mebane on October 9, 2007. (DE #18-2). The form is divided into four sections based on the type of limitations caused by the patient's impairment. Under exertional limitations, the form indicates plaintiff can occasionally lift or carry less than ten (10) pounds, can stand or walk less than two hours in an eight-hour workday, and must periodically alternate sitting and standing. For postural limitations, the form states that plaintiff can never climb, crawl or stoop, and can only occasionally kneel. The form indicates under manipulative limitations that plaintiff can only occasionally reach, and that climbing, crawling, stooping and reaching are likely to exacerbate her muscle complaints. The final section identifies environmental limitations due to the impairment, noting that temperature extremes, dust, humidity, wetness, fumes, odors, chemicals, and gasses are all likely to exacerbate plaintiff's chronic urticaria.

## 2. The November 2007 Letter

Plaintiff objects to the M&R's findings that Dr. Mebane's November 2007 letter was not new nor material, and that plaintiff had failed to show good cause for its late submission. Plaintiff contends that the letter is "much more detailed" than any previous note written for the plaintiff, and therefore not cumulative or duplicative. After a thorough review of the record, this court disagrees. The first paragraph of the November 2007 letter merely summarizes plaintiff's medical history, and all information therein is provided elsewhere in the record. The only specific medical conditions Dr. Mebane identifies in the paragraph are diffuse connective tissue disorder and chronic urticaria, both of which are referred to in the ALJ's decision. (Tr. 25-26).

In the second paragraph, Dr. Mebane opines that plaintiff is unable to work in her previous field, and unable to sustain gainful employment. In two letters from 2005 that were included in the record, Dr. Mebane stated that plaintiff's "myalgias, joint pain and urticaria prevent her from doing even sedentary work," (Tr. 681) and that "when the patient does have more severe symptoms, in terms of muscles aches and joint aches, it does not seem that she would be able to work." (Tr. 841). Contrary to plaintiff's assertions, the court finds these earlier letters to be as or more detailed than the one plaintiff now seeks to introduce and clear as to Dr. Mebane's opinion of plaintiff's ability to work.

As this letter is cumulative of other evidence already in the record, it follows that it is not reasonably likely that it would have changed the outcome of the ALJ's decision, and therefore not material. Aside from the duplicative nature of the letter, there are other factors that indicate it does not meet the materiality standard. Most notably, the ALJ determined at hearing that the similar opinions Dr. Mebane expressed in the 2005 letters did not merit great weight due to contradictory

medical evidence in the record. (Tr. 29-30). In addition, Dr. Mebane's opinion weighs directly on the ultimate issue of disability, an issue expressly reserved to the Commissioner by the regulations. 20 C.F.R. § 404.1527(e)(1) ("We are responsible for making the determination or decision about whether you meet the statutory definition of disability. . . . A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine you are disabled."). Further, there is little other information provided in the letter aside from that conclusion itself. In denying remand for the submission of new evidence under similar circumstances, the Fourth Circuit cited a Sixth Circuit case for the proposition that "determination of disability is the prerogative of the Secretary, not the treating physician, and a brief, conclusory letter by treating physician is not dispositive." Dargan v. Chater, 54 F.3d 772 (Table), *2 (4th Cir. May 11, 1995).

Even if this letter contained new material evidence, the court would not be permitted to remand as plaintiff has not shown "good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). Plaintiff appears to object to the M&R's finding that good cause did not exist by contending that Dr. Mebane had not written the letter at the time of the administrative proceedings as she has a busy medical practice. The court does not find this bare assertion constitutes good cause, especially in light of the extended remand of this case. See Miller v. Barnhart, 64 Fed. Appx. 858, *1 (4th Cir. April 22, 2003) (holding that plaintiff's explanation that "hospital was late in getting test results to patients" did not meet good cause requirement in case where ALJ had left record open on two occasions for submission of evidence). Plaintiff had ample time to submit medical evidence both prior to the hearing before ALJ Jones and again after the case was remanded, prior to the hearing before ALJ Perowski. Dr. Mebane was plaintiff's primary care provider, and it is clear from the hundreds of pages of medical records properly submitted that the

two had extensive contact over the course of the relevant time period from 2001 to 2005. There is nothing to indicate that the opinion was based on any medical evidence unavailable during the administrative proceedings. To permit remand for evidence such as this would open the door to remand in any case where the plaintiff returns to a treating doctor to get a letter stating that the doctor disagrees with the ALJ's decision. Such a result is inconsistent with the good cause requirement's purpose of preventing these cases from going on indefinitely. See Melkonyan v. Sullivan, 501 U.S. 89, 101 (1991).

Failure to satisfy any one of the requirements under the statute prevents this court from remanding for new evidence. Dr. Mebane's November 2007 letter does not consist of new or material evidence, and there has been no showing of good cause for its late submission. Accordingly, plaintiff's motion to remand is denied as it pertains to the letter.

### 3. The Medical Source Statement

Plaintiff objects to the M&R's findings that Dr. Mebane's MSS, completed on October 9, 2007, was not new nor material, and that plaintiff had failed to show good cause for its late submission. For the same reasons this court found good cause did not exist for the November 2007 letter, it holds that plaintiff has failed to show good cause for the delay in the submission of the MSS.

Furthermore, the evidence contained in the MSS is not material. Most significantly, there is nothing to indicate that the evidence submitted relates to the period at issue considered by the ALJ. Evidence that does not relate to the time period of the administrative proceedings is not relevant. See Edwards v. Astrue, 2008 WL 474128, *9 (W.D. Va. Feb. 20, 2008) ("The Source Statements do not relate back to the relevant time period as they were both done over 6 months after the ALJ rendered his decision. As such, they do not warrant a remand."). Here the relevant time period

7

extended from August 21, 2000, the date plaintiff alleges as the onset of disability, to December 21, 2006, the date of ALJ Perowski's decision. Dr. Mebane completed the MSS in October of 2007. Although plaintiff contends in her objections to the M&R that the MSS relates to the period of the administrative proceedings, there is nothing on the form to support this assertion. Indeed, all the questions on the MSS are phrased in the present tense, and absent any disclaimer to the contrary, the plain reading of the form is that Dr. Mebane was identifying plaintiff's impairments as they currently existed, ten (10) months after the relevant time period for the ALJ's determination. See Jackson v. Barnhart, 2006 WL 2099132, *4-5 (W.D. Va. July 27, 2006) (Denying remand of a case to consider a medical source statement completed three months after the ALJ's decision as it did not "purport to describe plaintiff's condition during the period of time adjudicated by the Administrative Law Judge.").

Plaintiff has not shown good cause for the late submission of the MSS, nor that it is material evidence. Each of these deficiencies on its own is prohibitive of remanding the case for new evidence, and thus plaintiff's motion for such remand is denied as it pertains to the MSS.[5]

## CONCLUSION

Where the court has conducted a *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, otherwise adopting as its own the uncontested proposed findings and conclusions upon a considered review, for the reasons more particularly stated herein, the M&R is ADOPTED. Plaintiff's motion for remand (DE #17) is DENIED. Furthermore, as this order is the final resolution of said motion, pursuant to this court's April 30, 2008 order (DE

---

[5] Having determined that neither the "good cause" nor the "material" prong of the 405(g) test has been satisfied, this court does not take up the issue of whether the MSS constitutes new evidence.

8

Case 4:05-cv-00136-FL  Document 33  Filed 11/24/08  Page 8 of 9

#24), the stay on this case is now removed.

This action will proceed by motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Counsel for plaintiff must file a motion for a judgment reversing or modifying the decision of the Secretary. Plaintiff's motion must be filed within sixty (60) days from the date of this order, accompanied by a supporting memorandum in compliance with Rule 7.2 of the Local Civil Rules of Practice and Procedure, Eastern District of North Carolina. Additionally, the memorandum must identify specific portions of the record which plaintiff contends justify the action sought. If defendant opposes plaintiff's motion, counsel for defendant must undertake to file a motion for a judgment affirming the decision of the Secretary within sixty (60) days after the filing of plaintiff's motion and memorandum. Memorandum of defendant, also filed in conformity with Local Civil Rule 7.2, in accordance with the foregoing must also specifically identify portions of the record that may justify decision affirming the Secretary. Failure to comply with these instructions may result in dismissal or other appropriate action by the court.

SO ORDERED, this the 24th day of November, 2008.

LOUISE W. FLANAGAN
Chief United States District Judge